**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3475

UNITED STATES OF AMERICA,

v.

ARIEL VARSANYI,
also known as "A"

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3:08-CR-86)
District Judge: Honorable James M. Munley

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2010

Before:   FUENTES, VANASKIE, <u>Circuit</u> <u>Judges</u>,
and DITTER,[*] <u>Senior</u> <u>District</u> <u>Judge</u>.

(Filed: August 25, 2010)

OPINION OF THE COURT

---

[*] Honorable J. William Ditter, Jr., Senior District Judge for the United States
District Court for the Eastern District of Pennsylvania, sitting by designation.

VANASKIE, <u>Circuit</u> <u>Judge</u>.

Appellant Ariel Varsanyi pleaded guilty to possession with intent to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).[1] The District Court sentenced Varsanyi to 132 months imprisonment, an eleven (11) month upward variance from the top of the advisory guidelines range. Varsanyi now appeals, claiming his sentence was procedurally and substantively unreasonable. Because we find no error, we will affirm.

I.

As we write only for the parties, who are familiar with the factual context and the procedural history of the case, we will set forth only those facts necessary to our analysis.

On November 27, 2007, Pennsylvania State Police Troopers pulled over a vehicle in Nanticoke, Pennsylvania, driven by Meghan Fox. The troopers discovered that Ms. Fox did not have a valid driver's license and that the vehicle was registered to Varsanyi, who was seated in the front passenger seat. Another passenger, Virginia Thompson, was in the back seat.

During the traffic stop, Varsanyi exited the vehicle and fled the scene. While being chased by a state trooper, Varsanyi discarded a plastic bag that was recovered by the trooper. The bag contained 63.4 grams of cocaine base (crack). Moreover, a trooper

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

1

observed Ms. Fox exit the vehicle, walk about fifteen (15) feet to an open field, and then return to the vehicle. A trooper recovered a .38 caliber revolver from the area in the open field to which Fox had walked.

On May 21, 2008, Varsanyi was arrested in South Carolina, and subsequently returned to the Middle District of Pennsylvania. On November 4, 2008, he entered a guilty plea to possession with intent to distribute more than 50 grams of crack cocaine. Varsanyi's advisory guidelines imprisonment range was determined to be 97 to 121 months. Because Varsanyi pled guilty to a charge that carried a mandatory ten-year prison term, however, his advisory guidelines imprisonment range was adjusted to be 120 to 121 months. Varsanyi does not contest this determination.

The Probation Office submitted a Second Addendum to the Presentence Investigation Report on August 11, 2009. The Second Addendum stated that, on July 8, 2009, a Larksville, Pennsylvania police officer attempted to conduct a traffic stop of a speeding vehicle. The police officer eventually located the vehicle in Edwardsville, Pennsylvania, but without the vehicle's driver, who had fled the scene. A search of the automobile produced mail addressed to Varsanyi, and revealed that the vehicle was leased in his name. A citation was filed, charging Varsanyi with Fleeing or Attempting to Elude Police Officers, Speeding, and Driving without a License. These charges were pending at the time of his sentencing by the District Court.

On August 12, 2009, the District Court sentenced Varsanyi to 132 months

imprisonment, an eleven (11) month upward variance from the top of the advisory guidelines range. In imposing a sentence above the advisory guidelines range, the District Court explained that it had taken into consideration the fact that the crime of conviction involved a firearm, that Varsanyi's past convictions involved firearms, that additional criminal charges had been filed against Varsanyi while he was under pretrial supervision, and that Varsanyi had an extensive history of substance abuse. Varsanyi argues on appeal that the District Court did not articulate an adequate "justification for varying upward from the advisory guideline range." (App't's Br. 15.)

II.

We have held that, in light of United States v. Booker, 543 U.S. 220 (2005), a sentencing court must follow a three-step sequential process: first, determine a defendant's advisory sentencing guidelines range; second, formally rule on motions from both parties, and state on the record whether a departure is being granted and how granting the motion affects the advisory guidelines range; and third, exercise discretion by considering the relevant section 3553(a) factors in imposing the appropriate sentence. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc); United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).

"Our appellate review proceeds in two stages." Tomko, 562 F.3d at 567. First, we ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as

3

mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." Id. (quoting Gall v. United States, 552 U.S. 38, 50 (2007)). If the district court's procedure is satisfactory, we move to stage two and consider the substantive reasonableness of the sentence. Id. (citing United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008)). Our substantive review takes into consideration the totality of the circumstances, rather than one or two factors. Id. "Indeed, we cannot presume that a sentence is unreasonable simply because it falls outside the advisory Guidelines range." Id.

The abuse-of-discretion standard governs both the procedural and substantive reasonableness inquiries. Id. "We afford deference to the District Court because it is in the best position to determine the appropriate sentence in light of the particular circumstances of the case." United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quotation and citation omitted). The party challenging the sentence has the burden of demonstrating a procedural error or an abuse of discretion. Tomko, 562 F.3d at 567.

Varsanyi's appeal concerns only the third step in the sentencing process. He claims both procedural and substantive error by the District Court in exercising its discretion to impose a prison term of 132 months.

Our review of the record reveals no procedural error. In this regard, the record demonstrates that the District Court gave "meaningful consideration" to the section

4

3553(a) factors and articulated a rational basis for the sentence imposed. See United States v. Starnes, 583 F.3d 196, 215 (3d Cir. 2009) (procedurally reasonable sentence "must reflect a district court's meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a)") (quoting United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007)).

The District Court noted that Varsanyi's criminal record contained convictions for aggravated assault, receiving stolen property, and false identification. In response to the Public Defender's representation that Varsanyi had been a model citizen while on supervised release, the District Court pointed to the July 8, 2009 Larksville incident, where Varsanyi evaded a police officer who was attempting to pull him over, and then fled his vehicle. The District Court plainly considered all relevant section 3553(a) factors, including the nature and circumstances of the offense as well as Varsanyi's history and characteristics. The District Court expressed its opinion that Varsanyi was likely to recidivate. That the District Court may have given particular weight to the need to deter criminal conduct and to protect the public from further criminal activity by Varsanyi does not mean that it failed to give meaningful consideration to all § 3553(a) factors. Thus, Varsanyi has failed to show procedural error on the part of the District Court.

"[A]bsent any significant procedural error, we must 'give due deference to the district court's determination that the § 3553(a) factors, on a whole,' justify the sentence." Tomko, 562 F.3d at 568 (quoting Gall, 552 U.S. at 51). "[A] major departure should be

5

supported by a more significant justification than a minor one." <u>Gall</u>, 552 U.S. at 50. In this case, the District Court departed upwards only by eleven months above the advisory guidelines range, and by one year above the mandatory minimum prison term. Only if it could be said that "no reasonable sentencing court would have imposed the same sentence on [Varsanyi] for the reasons the district court provided," <u>Gall</u>, 552 U.S. at 51, could the sentence be said to be unreasonable. Because such a finding cannot be made here, Varsanyi has failed to show that his sentence is substantively unreasonable.

III.

For the foregoing reasons, we will affirm the District Court's sentence.